MORRIS v. DAYTON.

(Supreme Court, Appellate Term. January 7, 1904.)

1. LANDLORD AND TENANT—NOTICE TO QUIT—SURRENDER OF POSSESSION—PROOF—SUFFICIENCY.

In an action for rent, evidence considered, and *held* insufficient to establish the defense that the premises had been surrendered by defendant pursuant to a notice to quit, requiring him to pay the amount of rent then due on or before the expiration of three days before the day of service thereof or surrender possession of the premises.

2. SAME.

In an action for rent the defense of surrender and acceptance is complete on proof by defendant that he delivered up possession of the entire premises within the period limited in a notice to quit, requiring him to pay the amount due on or before the expiration of three days from the day of service thereof, or circumstances from which those facts may be inferred.

Appeal from City Court of New York, Trial Term.

Action by Cora Morris against Harold C. Dayton. From a judgment for plaintiff for less than asked and an order denying a motion for a new trial, plaintiff appeals. Reversed.

For former opinion, see 84 N. Y. Supp. 392.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Wentworth, Lowenstein & Stern, for appellant.

Joseph E. Bullen, for respondent.

GREENBAUM, J. This case was reviewed by this court on a former appeal, and the facts set out in the opinion on that appeal need only be supplemented here by the statement that the answer of the defendant, so far as it relates to the defense of a surrender and acceptance, is limited to a surrender of possession of the premises in accordance with the notice to quit that had been served upon him. Our determination upon the previous appeal was that, "to constitute a surrender to the landlord pursuant to such notice, it is incumbent upon the tenant to do some act which will establish that he in fact did surrender the premises to the landlord within the time specified in the notice and in compliance therewith." We further held that the proofs before us showed that there could not have been such a surrender by the defendant as was contemplated by the notice to quit, because there was no evidence that an undertenant, to whom defendant had leased a portion of the demised premises, had also vacated within the time fixed in the notice.

After the reversal of the judgment of this court a new trial was held, with the result that a verdict was rendered for the amount conceded to be due the plaintiff at the time of defendant's removal from the premises, the effect of the verdict being that the defendant had surrendered possession of the premises to the landlord pursuant to the notice to quit and within the time therein specified. At the conclusion of the case the plaintiff in effect moved for a direction of a verdict in his behalf upon the ground that upon the undisputed facts the plaintiff was entitled to judgment for the full amount claim-

ed. The refusal of the trial court to grant this motion, to which exception was duly taken, is urged as error. The notice to quit was served upon the 17th of April, 1902, and required the defendant to pay the amount of rent then due "on or before the expiration of three days from the day of service of this notice or surrender up the possession of said premises to the landlord." The undertenant of defendant, who had not been called as a witness on the previous trial, was examined in defendant's behalf, and gave no testimony as to the precise time when he vacated the premises. The witness had testified that he recollected seeing the notice to quit, which had been served upon the defendant, and that he could not state whether he moved out before April 19th, but he made arrangements "immediately to go out."

Upon cross-examination he testified as follows:

"Q. You don't know whether it was the 18th, 19th of April, or the 20th, do you? A. I made arrangements to go out immediately, but I don't know what day it was on. I wouldn't swear positively as to the date."

It is apparent from the colloquy between the court and the plaintiff's counsel, after both parties had rested, that the learned court inadvertently fell into the error of assuming that the undertenant had testified, on the subject of his moving, that "he was unable to say whether it was before the 19th or not, but his recollection is that it was." The record submitted to this court unmistakably shows that the witness did not know upon what day he moved out. Under the state of facts appearing at the close of the testimony, the defendant had not sustained the burden of establishing the defense that he "had surrendered possession of the premises" to the plaintiff in accordance with the notice. The jury may not be permitted to surmise or speculate as to the date when the undertenant moved from these premises, and without competent proof upon this point the defendant had not shown a surrender under the notice.

In view of a possible trial upon a reversal of this judgment, which must follow from the foregoing consideration, it may be proper to briefly present the views of this court upon the law of surrender and acceptance as applicable to the facts appearing in this case. The defense of surrender and acceptance would, in the view this court takes of the question, be complete upon proof by the defendant that he in fact delivered up possession of the entire premises within the period limited in the notice. The proof of surrender of possession is not necessarily established by the delivery of the key to the janitor in charge, unless it can be shown that he either had authority from the landlord to accept possession of the premises from the defendant, or that the landlord was apprised by the janitor or otherwise of the surrender of the premises under the notice, so that he was in a position to enter upon the premises and take possession of them. In other words, some acts or circumstances must be shown from which it is either directly established or from which it may be inferred that the defendant acted under the notice and within the time therein limited had in fact delivered up possession of said premises to the landlord.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.